United States Bankruptcy Court
District of South Dakota

Charles L. Nail, Jr.
Bankruptcy Judge



Federal Building and United States Post Office  Telephone: (605) 945-4490
225 South Pierre Street, Room 211  Fax: (605) 945-4491
Pierre, South Dakota 57501-2463

June 20, 2008

Jason R. Ravnsborg, Esq.
Attorney for Debtor-Plaintiff
Post Office Box 18
Yankton, South Dakota  57078

James S. Simko, Esq.
Attorney for Educational Credit Management Corporation
Post Office Box 2498
Sioux Falls, South Dakota  57101

    Subject:    ***Janice R. Lyso v. Student Loan Finance Corp., et al.***
                      ***(In re Janice R. Lyso)***, Adversary No. 08-4014,
                      Chapter 7, Bankr. No. 07-40653

Dear Counsel:

      The matter before the Court is Educational Credit Management Corporation's Motion to Set Aside Default and Default Judgment. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). This letter decision and accompanying order shall constitute the Court's findings and conclusions. As set forth below, the motion will be denied.

      *Summary*. Debtor-Plaintiff Janice R. Lyso ("Debtor") obtained a default judgment against Defendant CFS Suntech Loan Services ("Suntech") on April 23, 2008. By virtue of that judgment, any pre-petition *in personam* claim Suntech held against Debtor was declared discharged. On April 30, 2008, Educational Credit Management Corporation ("ECMC") filed a motion to vacate that default judgment. It stated ECMC learned of the adversary proceeding on April 23, 2008, and also learned Suntech intended to assign the student loan claim it held against Debtor to ECMC. ECMC asked that the default judgment be set aside as to its assignor, Suntech. It principally argued it had acted as promptly as possible after learning of the adversary but was unable to act in time to prevent the entry of the default judgment. Both in the motion and in a supporting affidavit, Suntech was described as a lender *or* servicer of student loans.

      Debtor filed a response and noted Suntech was appropriately served with the summons and complaint and Suntech's and ECMC's failure to timely file an answer or request an extension of time to do so was within their province.

In re: Lyso
June 20, 2008
Page 2

By letter, the Court requested supplemental pleadings from both parties to address whether movant had a viable defense to Debtor's complaint under §523(a)(8). In its response, ECMC said student loans are presumptively nondischargeable and Debtor had not sufficiently pled facts supporting her entitlement to an exception to this presumption. It also stated Suntech was only a servicer of the subject student loan for guarantor Massachusetts Higher Education Corporation, dba American Student Assistance, and "does not have, and never has had, any right, title, or interest in or to the [subject] loan."[1] ECMC also acknowledged American Student Assistance assigned the subject loan to ECMC on May 1, 2008, which was several days after the default judgment. Since Suntech was not the actual loan holder – at least according to ECMC – ECMC argued the default judgment against it should have no impact on the actual student loan claim against Debtor, but it asked that the default judgment be set aside nonetheless. In her supplemental response, Debtor again noted the entry of the default judgment against Suntech was procedurally sound and argued ECMC had not disputed her hardship claim to any degree.

*Discussion*. Suntech has not asked that the default judgment against it be vacated. There is nothing in the record that indicates ECMC has standing to ask for that relief on Suntech's behalf, especially in light of ECMC's own claim that Suntech never held a pre-petition claim against Debtor and the subject student loan was assigned post-judgment from American Student Assistance to ECMC. Accordingly, ECMC's Motion to Set Aside Default and Default Judgment will be denied. Said denial is without prejudice to a request by Suntech for similar relief. As the record stands, however, whatever pre-petition student loan claim Suntech may have held against Debtor is now discharged. If Suntech did not hold any such claim, the default judgment may not hold much value for Debtor nor offer much peril for Suntech.

An appropriate order will be entered.

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached Service List.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

CLN:sh

cc:   adversary file (docket original; serve parties in interest)

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[1] ECMC described Massachusetts Higher Education Corporation, dba American Student Assistance, as the loan guarantor. According to ECMC's later-filed Motion to Intervene, the original lender was First Premier Bank.

Student Loan Finance Corporation
Attn: Jamie Ward
105 First Ave SW
Aberdeen, SD 57402

CFS Suntech Loan Services
Attn: Heather Martin
384 Galleria Parkway
Madison, MS 39110

Unemployment Insuranace Division
Attn: Sharon Schnabel
420 S. Roosevelt Street
Aberdeen, SD 57401-5131